UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------

```
                                              :
UNITED STATES OF AMERICA,                     :
                                              :        CASE NO. 1:12-CR-21
                 Plaintiff,                   :
                                              :
v.                                            :        OPINION & ORDER
                                              :        [Resolving Doc. 46]
DEMARIO DENSON,                               :
                                              :
                 Defendant.                   :
                                              :
```

---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 25, 2016, Demario Denson requested the appointment of counsel to assist with filing a habeas motion under Title 28 United States Code Section 2255 in light of the Supreme Court's June 2015 decision in *Johnson v. United States*.[1] This Court has reviewed the merits of Denson's potential *Johnson* claim and **DENIES** the motion for appointment of counsel.

### I.       Discussion

The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances.[2] Section 2255 habeas petitions are civil actions.

Denson would only have a potentially viable *Johnson* claim if his base offense level was increased because of a prior conviction that was a crime of violence only under the residual clause. *Johnson* does not change the career offender decisions involving felony drug convictions and categorical violent crimes.

In calculating Demario Denson's base offense level, the pre-sentence report stated "U.S.S.G. §2K2.1(a)(2) . . . calls for a Base Offense Level of 24 as the defendant has two prior convictions for Attempted Felonious Assault and Inciting to Violence."[3]

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process).
[2] *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

Case No. 12-cr-21
Gwin, J.

Denson now argues that his predicate offense of "Inciting to Violence" may have only been categorized as a crime of violence under the residual clause.

The Sixth Circuit has already addressed this exact issue in regards to Denson's Inciting to Violence conviction in its 2013 decision *United States v. Denson*.[4] There, the Sixth Circuit applied the modified categorical approach to engage in a thorough analysis of Ohio's Inciting to Violence statute and Denson's underlying *Shepard* documents[5]. The Sixth circuit concluded that Denson's Ohio conviction for Inciting to Violence was a crime of violence under the guidelines regardless of the residual clause.

First, the Sixth Circuit found, "when an Ohio felony conviction requires another 'offense of violence' to underlie it—as inciting to violence does—the federal sentencing court must consider whether the underlying offense is a crime of violence before it can conclude that the crime of conviction so qualifies."[6] The Sixth Circuit then determined that Ohio's Inciting to Violence statute is divisible, enabling it to "determine which alternative element . . . formed the basis of the defendant's conviction."[7] To do that, the Sixth Circuit looked to the underlying *Shepard* documents in the record "to see if they 'necessarily' establish the nature of the prior offense."[8] The Sixth Circuit concluded,

> The plea colloquy suggests that Denson pled to incitement to felonious assault under § 2903.11(A)(1), since the factual predicate Denson admitted—that he "knocked somebody out, choked somebody"—bears no conceivable relationship to sexual conduct proscribed by § 2903.11(B), and does not involve use of a deadly weapon or dangerous ordnance, as required under § 2903.11(A)(2). We recently held that a § 2903.11(A) conviction is a violent felony

---

[3] Presentence Investigation Report at ¶13.
[44] *United States v. Denson*, 728 F.3d 603, 613 (6th Cir. 2013).
[5] *Shepard* documents may include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).
[6] *Id*. at 612.
[7] *Id*. quoting *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013).
[8] *Id*. (citation omitted).

Case No. 12-cr-21
Gwin, J.

> under the ACCA because it necessarily includes a use-of-physical-force element, but that a § 2903.11(B) conviction is not. *United States v. Anderson*, 695 F.3d 390, 402 (6th Cir.2012). In sum, Denson " 'necessarily admitted' the elements of a predicate offense through his plea," *Medina–Almaguer*, 559 F.3d at 423 (quoting *Shepard*, 544 U.S. at 16, 125 S.Ct. 1254), because he agreed in the colloquy that he incited someone else to violate the species of felonious assault that is a crime of violence for career-offender purposes. As a result, the district court correctly concluded that Denson committed a crime of violence.[9]

Thus, Denson's guidelines calculation would not be affected post- *Johnson*. Denson's Inciting to Violence conviction would remain as a crime of violence because the underlying felonious assault in Denson's case was categorized as a crime of violence that necessarily includes a use-of-physical-force element.[10]

Denson has not shown that he has a meritorious *Johnson* claim. He cannot demonstrate that his civil §2255 proceeding is an exceptional circumstance warranting appointment of counsel.

## II.    Conclusion

For the reasons above, this Court **DENIES** Defendant's motion seeking the appointment of counsel.

IT IS SO ORDERED.

Dated:  March 31, 2016                     s/          *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[9] *Id*. at 613.

[10] "A conviction under Ohio Revised Code § 2903.11(A) qualifies as a violent felony" under the ACCA because it has the physical-force element defined in 18 U.S.C. § 924(e)(2)(B)(i). *United States v. Hibbit*, 514 F. App'x 594, 597 (6th Cir. 2013) (internal citation omitted).