```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
UNITED STATES OF AMERICA,                 :      CASE NO. 1:12-CR-21
                                          :
            Plaintiff,                    :
                                          :
v.                                        :      OPINION & ORDER
                                          :
DEMARIO DENSON,                           :
                                          :
            Defendant.                    :
                                          :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 25, 2016, Demario Denson requested the appointment of counsel to assist with filing a habeas motion under Title 28 United States Code Section 2255 in light of the Supreme Court's June 2015 decision in *Johnson v. United States*.[1] On March 31, 2016, after reviewing the merits of Denson's potential *Johnson* claim, this Court denied Denson's request for appointment of counsel.[2] This Court relied in large part upon the Sixth Circuit's analysis on Denson's direct appeal, which concluded that Denson's prior convictions were predicate crimes for the purposes of the ACCA.

On June 23, 2016, the Supreme Court issued an opinion in *Mathis v. United States*.[3] *Mathis* throws into question the type of analysis the Sixth Circuit engaged in on Denson's direct appeal. As a result, the opinion in Denson's direct appeal is no longer as compelling.

This Court vacates its earlier order and **GRANTS** the motion for appointment of counsel.

---

[1] Doc. 46. *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process).

[2] Doc. 47.

[3] *Mathis v. United States*, ___ U.S. ___, ___ S. Ct. ___, 2016 WL 3434400 (June 23, 2016).

Case No. 12-cr-21
Gwin, J.

## I. Legal Standard

A district court retains inherent powers to reconsider its interlocutory orders at any time.[4]

The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances.[5] Section 2255 habeas petitions are civil actions.

Denson would only have a potentially viable *Johnson* claim if his base offense level was increased because of a prior conviction that was a crime of violence only under the residual clause. *Johnson* does not change the career offender decisions involving felony drug convictions and categorical violent crimes.

In calculating Demario Denson's base offense level, the pre-sentence report stated "U.S.S.G. §2K2.1(a)(2) . . . calls for a Base Offense Level of 24 as the defendant has two prior convictions for Attempted Felonious Assault and Inciting to Violence."[6]

Denson argues that his predicate offense of "Inciting to Violence" may have only been categorized as a crime of violence under the residual clause.

## II. Discussion

The Sixth Circuit addressed this exact issue in regards to Denson's Inciting to Violence conviction in its 2013 decision *United States v. Denson*.[7] There, the Sixth Circuit applied the modified categorical approach to engage in a thorough analysis of Ohio's Inciting to Violence

---

[4] *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991).
[5] *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).
[6] Presentence Investigation Report at ¶13.
[7] *United States v. Denson*, 728 F.3d 603, 613 (6th Cir. 2013).

Case No. 12-cr-21
Gwin, J.

statute and Denson's underlying *Shepard* documents.[8] The Sixth Circuit concluded that Denson's Ohio conviction for Inciting to Violence was a crime of violence under the guidelines regardless of the residual clause.

However, to reach this conclusion, the Sixth Circuit had to look to the underlying facts of Denson's conviction. The Sixth Circuit had to review Denson's plea colloquy and look to the "the factual predicate Denson admitted—that he 'knocked somebody out, choked somebody.'"[9]

The Supreme Court recently issued an opinion in *Mathis v. United States* clarifying that courts may only look to underlying documents and transcripts to determine if a statute is divisible, not to determine if the conviction is a crime of violence based on the underlying facts. In fact, the Supreme Court overturned one case and vacated another where the Sixth Circuit had engaged in a very similar analysis.[10]

As the Sixth Circuit appears to have engaged in a similarly improper peek at the factual predicate in making its ACCA determination in *Denson*, there may now be more merit to Defendant's *Johnson* claim.

This Court **GRANTS** Plaintiff's motion seeking the appointment of counsel.

IT IS SO ORDERED.

Dated: July 19, 2016                                           *s/         James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE

---

[8] *Shepard* documents may include the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).
[9] *Denson*, 728 F.3d at 613.
[10] *United States v. Ozier*, 796 F.3d 597 (6th Cir. 2015) (abrogated); *United States v. Castro-Martinez*, 624 F. App'x 357 (2015) (vacated and remanded).